## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **GEORGIA DURST** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO.** _____ |
| **ROBERT P. HAITHCOCK and** | § | |
| **PARSONS TRUCKING COMPANY,** | § | |
| **INC.** | § | |
| **Defendants.** | § | |

## INDEX OF DOCUMENTS

COME NOW, PARSONS TRUCKING COMPANY. (hereinafter referred to as "Defendant"), Defendant in the above-entitled and numbered civil action, and submits this its Index of Documents filed in the State Court Action, pursuant to the Federal Rules of Civil Procedure, and which are attached to Defendant's *Notice of Removal*:

| | **Document** | **Date** |
|---|---|---|
| 1. | Plaintiff's Original Petition | 05/22/13 |
| 2. | Original Answer of Parsons Trucking Company, Inc. | 06/27/13 |
| 3. | Defendant's Jury Demand | 06/27/13 |
| 4. | Defendants' Notice of Removal | 06/28/13 |
| 5. | State Court Docket Sheet | 06/28/13 |



EXHIBIT
A

**INDEX OF DOCUMENTS** – Solo Page

# In the __401__ District Court
## of Collin County, Texas

| | | |
|---|---|---|
| **GEORGIA DURST** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CAUSE NO.** __401-02024-2013__ |
| | § | |
| **ROBERT P. HAITHCOCK and** | § | |
| **PARSONS TRUCKING COMPANY, Inc.** | § | |
| | § | |
| **Defendants** | § | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

### TO THE HONORABLE COURT:

COMES NOW, Georgia Durst, (whose last three numbers of her Texas Driver's License are 881), sometimes referred to as "Plaintiff or Durst", complaining of Robert Patrick Haithcock and Parsons Trucking Company, Inc., sometimes referred to collectively as "Defendants" or individually as "Haithcock" and "Parsons". Discovery should be conducted in accordance with a tailored level 3 discovery control plan pursuant to Rule 190.4 ,Tex. R. Civ. P.. For cause of action Plaintiff would respectfully show the Court as follows:

### I.
### REQUEST FOR DISCLOSURE

1.1    Plaintiff requests the Defendants disclose the information or materials described in Rule 194.2(a) through (k), inclusive, of the Texas Rules of Civil Procedure within fifty (50) days of service thereof.

FILED

2013 MAY 22  PM 2: 10

ANDREA STROH THOMPSON
DISTRICT CLERK
COLLIN COUNTY. TEXAS
BY_____DEPUTY

**Plaintiff's Original Petition/Durst, Georgia**

1

## II.
## PLAINTIFF

2.1     This is a suit for negligence resulting in damages to Georgia Durst. Plaintiff currently

resides Denison, Grayson County, Texas.

## III.
## DEFENDANTS

3.1     The Defendant, Parsons is a motor carrier foreign corporation, is and at all times relevant

times has conducted substantial business in the State of Texas. Its principal office is located at 101

Maple Street, North Wilkesboro, North Carolina 28659. Parsons is subject to the jurisdiction and

process of this Court because it has done substantial business in Texas, and committed a tort in

whole or in part in Texas so that in *personam* jurisdiction exists over it. Parsons is a North Carolina

Corporation.  Process may be had on Parsons by serving its registered agent of process, Jerry G.

Parsons, 101 Maple Street, North Wilkersboro, NC 28659.

3.2     Defendant Haithcock is an adult resident of North Carolina.  He resides at 1000 Pacific

Drive, Trailer 21, Winston Salem, North Carolina 27105, where process of this Court may be served

upon him.

## IV.
## VENUE

4.1     As hereafter more specifically plead, all or a substantial part of the events, acts or omissions

by the Defendants giving rise to the claim occurred in Collin County, Texas.  Accordingly, pursuant

to Tex. Civ. P. 15.002(a), venue is proper in Collin County, Texas.

**Plaintiff's Original Petition/Durst, Georgia**                                    2

## V.
## JURISDICTION

5.1     This Court has jurisdiction of this matter because the amount in controversy is in excess

of the minimal jurisdictional limits of this Court, and in excess of One hundred thousand

($100,000.00) Dollars.

## VI.
## BACKGROUND FACTS

6.1     This case arises out of an automobile/18 wheeler tractor-trailer collision (hereafter "the

collision") which occurred on May 24, 2011 on southbound Highway 75 in McKinney, Collin

County, Texas. At the time of the accident, Plaintiff was operating her 2011 Toyota Avalon, in a

southerly direction on Highway 75 in the left hand lane in McKinney, Collin County, Texas.

6.2     At the time of the collision, Defendant Haithcock, a truck driver, was driving a commercial

tractor-trailer, owned and being operated in the course and scope of interstate commerce by Parsons,

a "for hire" motor carrier operating under USDOT No. 264184, which authorized Parsons to haul

interstate general freight as an authorized "for hire" carrier. Haithcock was employed by Parsons,

took his directions from and was required to follow the travel directions given him by Parsons. At

all times, both Parsons and Haithcock were required to comply with all federal regulations insuring,

promoting, and requiring safe operations of commercial vehicles. Haithcock was, as a matter of law,

a statutory employee of Parsons.

## VII
## THE COLLISION

7.1     As stated above, Durst was driving in the south-bound lane of Highway 75, at Wilmeth and

Highway 75 when she was suddenly rear-ended by a 2004 Freightliner, tractor-trailer rig being

**Plaintiff's Original Petition/Durst, Georgia**                                                      3

operated by Haithcock in a southerly direction and also in the left hand lane directly behind Durst. At bottom, Durst was "rear ended." Haithcock negligently failed to maintain an assured clear distance between his vehicle and that of Durst, failed to timely apply his brakes, failed to keep his vehicle under control, failed to swerve to left to avoid a collision, failed to keep a proper lookout, failed to discontinue driving when not physically or mentally alert to safely continue driving, and/or failed to maintain a reasonable speed or to control speed.

## VIII.
## CAUSES OF ACTION NUMBER ONE
## NEGLIGENCE OF DEFENDANT HAITHCOCK

8.1    The occurrence made the basis of this suit, referred to in Paragraph VII, and Plaintiff's resulting injuries and damages were proximately caused by the negligent conduct of Defendant Haithcock in one or more of the following respects:

a.    In failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances.

b.    In failing to apply the brakes to his vehicle in a timely manner to avoid the collision in question.

c.    In failing to apply his brakes to his vehicle to avoid the collision in question.

d.    In driving his vehicle at a rate of speed in excess of that which a person of ordinary prudence in the exercise of ordinary care would have driven under the same or similar circumstances.

e.    In failing to maintain an assured clear safe distance between plaintiff's vehicle and the defendant's vehicle.

Plaintiff's Original Petition/Durst, Georgia                                          4

> f.   In failing to comply with all Federal HOS regulations and the Smith Defensive System of Driving.

8.2   Each of these acts and omissions, singularly, or in combination with others, constituted negligence which proximately caused the occurrence are the basis of this action and the Plaintiff's damages.

## IX
## VICARIOUS AND DIRECT LIABILITY OF DEFENDANT PARSONS

9.1   The occurrence made the basis of this suit, referred to *supra*, and Plaintiff's injuries and damages were proximately cause by the negligence of Defendant Haithcock as herein described. Defendant Parsons is liable for the damages proximately caused to Plaintiff by the conduct of Haithcock in that Parsons was the statutory employer of Haithcock on the date that Haithcock negligently injured Durst, as alleged, and Haithcock was acting within the course and scope of that employment when the injury occurred. Parsons had the right to control the activities of Haithcock in that Parsons and Haithcock had entered into an agreement for employment with Parsons, under which Haithcock was to haul loads throughout the United States. Accordingly, Parsons is vicariously liable fore the acts and omissions of Haithcock.  Moreover, Haithcock is, as a matter of law, a statutory employee of Parsons, and Parsons is variously responsible for his actions and omissions.

Moreover, Parsons was negligent in the following respects:

9.2   Specifically, it is alleged that Parsons failed to ensure that Haithcock, while in the course and scope of his employment with Parsons, drove in compliance with all federal regulations concerning the safe operation of commercial vehicles.

9.3   Further, it is alleged that Parsons failed to ensure that Haithcock was assigned loads and

delivery of those loads in a time and manner that complied with all federal HOS and state driving regulations.

9.4     Finally, it is alleged that Parsons failed to properly screen Haithcock prior to his employment with Parsons and failed to adequately train Haithcock as to the safe operation of a commercial vehicle.

9.5     Each of these acts and omissions, singularly, or in combination with others, constituted negligence which proximately caused the occurrence are the basis of this action and the Plaintiff's damages.

# X
## DAMAGES

10.1    As a result of the negligent conduct of Defendants, Plaintiff suffered severe bodily injury. Specifically, Plaintiff suffered injuries to her spine and neck which resulted in her having to undergo a spinal fusion in her lumbar back. Some of Plaintiff's injuries are permanent in nature. The injuries have had a serious effect on Plaintiff's health and well-being and cause Plaintiff to suffer from limitation of movement. These injuries will abide with Plaintiff for her entire life, severely limiting her ability to engage in meaningful life's activities, including her ability to continue to be employed. The specific injuries and ill effects will continue to cause Plaintiff to suffer the consequences and ill effects throughout her body for the balance of his natural life.

10.2    As a further result of the nature and the consequences of her injuries, Plaintiff has suffered great physical and mental pain, suffering and anguish, and in all reasonable probability, she will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

10.3   As a further result of all of the above, Plaintiff has incurred the expenses for medical care and attention in the amount of $196,318.40. These expenses were incurred for necessary care and treatment of the injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges for such services in Collin County, Texas.

10.4   As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that she will require further medical care and attention and will incur future reasonable and necessary expenses for her medical care and attention.

10.5   It is reasonably probable that Plaintiff's physical impairment resulting from the foregoing injuries is of a lasting nature and her earning capacity will be diminished for the balance of her life.

10.6   Additionally, Plaintiff has suffered from her inability to perform household services and that inability will continue for the remainder of her life. Plaintiff's damages will be in excess of the minimal jurisdictional limits of this Court.

10.7   By reason of all the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which she sues.

WHEREFORE, Plaintiff request that on final trial Plaintiff have:

1.   Judgment against Defendants, jointly and severally, for a sum within the jurisdictional limits of the Court, with prejudgment interest as provided by law;

2   Interest after judgment at the legal rate until paid;

3.   Costs of suit; and,

4.   Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**DAVID M. STAGNER, P.C.**

By: _____
David M. Stagner
Texas State Bar No. 19005000

303 W. Cherry Street
Sherman, Texas 75091-1058
Telephone: (903) 892-1048
Facsimile: (903) 893-8342

and

Law Offices of Johnny Brown, P.C.
Johnny R. Brown, Esq.
Texas Bar No. 03146550
303 W. Cherry
Sherman, Texas 75090
Tel. (903) 870-0022
Fax. (903) 892-0599

**ATTORNEYS FOR PLAINTIFF
GEORGIA DURST**

# In the 401ˢᵗ District Court
# of Collin County, Texas

| | | |
|---|---|---|
| GEORGIA DURST | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | CAUSE NO. 401-02024-2013 |
| | § | |
| ROBERT P. HAITHCOCK and | § | |
| PARSONS TRUCKING COMPANY, Inc. | § | |
| | § | |
| **Defendants** | § | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO
## DEFENDANT PARSONS TRUCKING COMPANY, INC.

**TO:**  Defendant, Parsons Trucking Company, Inc., its registered agent of process, Jerry G. Parsons, 101 Maple Street, North Wilkersboro, NC 28659.

Pursuant to the Texas Rules of Civil Procedure, you are hereby requested to produce for inspection, copying or photographing the following described tangible material and information. Said production is to be made at the office of David M. Stagner, Attorney at Law, 303 W. Cherry Street, during regular business hours and within fifty (50) days after service of these Requests on you. The following tangible material requested shall be organized and labeled to correspond with the categories in this Request, and are to be produced as kept in the usual course of business.

Respectfully submitted,

**David M. Stagner, P.C.**


By:_____
     David M. Stagner
     Texas State Bar No. 19005000

303 W. Cherry Street
P.O. Box 1058
Sherman, Texas 75091-1058
Telephone: (903) 892-1048
Facsimile: (903) 893-8342

Law Offices of Johnny Brown, P.C.
Johnny R. Brown, Esq.
Texas Bar No. 03146550
303 W. Cherry
Sherman, Texas 75090
Tel. (903) 870-0022
Fax. (903) 892-0599

**ATTORNEYS FOR PLAINTIFF**
**GEORGIA DURST**

## DEFINITIONS AND INSTRUCTIONS

A.    **DEFINITIONS:**

1.      "You" and "your" means and refers to Parsons Trucking Company, Inc. (hereafter "Parsons.," or "Defendant"), including any of your respective agents, representatives or employees, acting or purporting to act on your behalf.

2.      "Writings and recordings" means, but is not limited to, letters, words, or numbers or their equivalent, set down to handwriting, typewriting, printing, photostating, photocopying, magnetic impulse, mechanical or electronic recording, or other form of data compilation. The phrase refers to both originals and all duplicates thereof, whether in your possession, custody or control, or known by you to exist.

3.      "Document" or "documents" means the original or a copy thereof, if the original is not available, of every written, printed, typed, recorded, reported graphic record of material, including every draft and/or nonidentical copy thereof, of every tape inscription that is in the actual or

constructive possession, custody or control of Parsons, any insurance company or Defendant Parsons' attorneys, including, but not limited to, all correspondence, letters, communications, memoranda, notes, agreements, contracts, proposed contracts or agreements, whether or not actually consummated, reports, logs, studies, summaries, agenda, bulletins, notices, announcements, instructions, charts, manuals, graphs, photographs, brochures, publications, books, minutes, including minutes of board of directors meetings and executive meetings, partnership meetings and management, executive partnership committee meetings, computer printouts, schedules, drawings, tape or other voice records, videotapes, simulations, intra-company and inter-company memoranda, articles of newspapers, magazines and other publications, telegrams, purchase orders, lists, proposals, invoices, plans, specifications, addendum, statements, receipts, confirmation slips, evidence of payments, bills, diaries, calendars, bills of lading, canceled checks and any copy of a document bearing notations, markings and/or writings of any kind or nature different from the original.

4.      "Photographs" means, but is not limited to, still photographs, x-ray film, video tapes, and motion pictures.  The term refers to originals and duplicates thereof.

5.      "Person" means any individual, association, partnership, to-be formed corporation, corporation, joint venture, or any other type of entity or institution, whether formed for business purposes or any other purpose.

6.      "Identify" or "identification" means:

(1)      When used in reference to a natural person, to state his or her full name, present or last known residence address, present or last known business address, and present residence and/or business telephone number.

(2)      When used in reference to a public or private corporation, to-be formed corporation, governmental entity, partnership, joint venture, association or other entity, means to state the nature or form of the entity, its

full name, present or last known business address or operating address, telephone number, principal line of business, and principals, officers, directors, or other persons authorized to act for it in connection with the matters referred to in the particular discovery requested.

(3)   When used in reference to a writing, recording or photograph, shall include a statement of the following:

(a)   The title, heading or caption, if any, of such writing, recording or photograph;

(b)   The identifying number, letter or combination thereof, if any, and the significance and meaning of such numbers, letters, or combination thereof, if necessary to understand another writing, recording or photograph;

(c)   The date appearing on such writing, recording or photograph; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such writing, recording or photograph was prepared;

(d)   The number of pages and the general nature or description of such writing, recording or photograph (i.e. whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such writing, recording or photograph to be precisely identified;

(e)   The name and capacity of the person who signed such writing, recording or photograph; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(f)   The name and capacity of the person to whom such writing, recording or photograph was addressed, and the name and capacity of such person, other than such addressee, to whom such writing, recording or photograph, or copy thereof, was sent; and

(g)   The physical location of the writing, recording, or photograph and the name of its custodian.

7.   "Concerning, regarding or relating to" means with respect to, to bring into or establish

by association, connection or relation, either direct or indirect.  It includes alluding to, responding to, concerning, connected with, commenting on, regarding, discussing, describing, evidencing or pertaining to.

8.      "Occurrence in question" means and refers to the incidents which made the basis of this lawsuit, as specifically set forth in Plaintiffs' Original Petition.  By way of further identification, "occurrence in question" refers to the collision of the tractor trailer and motorcycle occurring on or about May 24, 2011, on Highway 75 in Collin County, Texas, involving Defendants Robert P. Haithcock and Parsons Trucking Company, Inc., and Plaintiff Georgia Hurst.

9.      "Site of the incident" means and refers to the location on Highway 75 in Collin County, Texas where the collision between Defendants Robert P. Haithcock and Parsons Trucking Company, Inc.,  and Plaintiff Georgia Hurst occurred.

10.     "Petition" means Plaintiff's last filed pleading which alleges his causes of action and damages against Defendants Robert P. Haithcock and Defendant Parsons Trucking Company, Inc..

11.     "Statements" means any statements previously made.  A statement previously made is (I) a written statement, signed or otherwise adopted or approved by the person making it, and/or (ii) a stenographic, mechanical, electrical, or other type of recording, or any transaction thereof, which is substantially a verbatim recital of a statement made by the person and contemporaneously recorded.

12.     "Defendant " means and refers to Defendant Parsons.

13.     "Collision" means and refers to the tractor trailer and the motor vehicle collision referred to in Plaintiffs' Original Petition.

**B.     INSTRUCTIONS:**

1.      To the extent that you assert any objection to any Request for Production on the basis

that the information sought is exempt or immune from discovery under the provisions of either the Texas Rules of Civil Procedure or the Texas Rules of Evidence, then answer so much of the Request for Production which requests information which you do not claim to be exempt or immune. Moreover, with respect to each objection made on the basis that the information sought is exempt or immune from discovery, identify the objectionable information to the extent that such information may be later accurately described or identified for purposes of a Court hearing regarding the objection.

2.      In this document, the singular includes the plural and the plural includes the singular, the past tense includes the present tense and the present tense includes the past tense, and the masculine includes the feminine and the feminine includes the masculine.

3.      In this document, the definition of words or expressions shall be their generally understood meaning.  Some words or expressions have been further identified in Part "A" of this section.  To assist you in preparing your answers, please refer to the definitions provided when answering each of these Requests for Production.

### **REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**    All photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE**

**REQUEST NO. 2:**    All photographs taken of the scene of the accident or the surrounding area of the scene of the accident in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE.**

**REQUEST NO. 3.**    All photographs taken of the Plaintiff which may be in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE.**

**REQUEST NO. 4.**    All pictures, motion pictures, movies, films, or photographic material of any kind taken of the Plaintiff which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE.**

**REQUEST NO. 5.**    All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of Plaintiff's lawsuit taken before, during or after the collision in question which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE.**

**REQUEST NO. 6.**    All written statements made by the Plaintiff in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE.**

**REQUEST NO. 7.**    All oral statements made by the Plaintiff which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**Plaintiff's First Request for Production to Parsons/Durst, Georgia**                                    7

**RESPONSE.**

**REQUEST NO. 8.**    All written statements made by any witnesses to the collision that are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE.**

**REQUEST NO. 9.**    All oral, taped or recorded statements made by any witnesses to the collision that is the basis of Plaintiff's lawsuit which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE.**

**REQUEST NO. 10.**    A copy of the policy or policies of liability insurance providing coverage to the Defendant with regard to the collision occurring on or about May 24, 2011 and which forms the basis of the Plaintiff's lawsuit.

**RESPONSE.**

**REQUEST NO. 11.**    A copy of all medical records, doctor or hospital records, reports or medical documents of any kind containing information about the Plaintiff and/or concerning the medical or physical condition of the Plaintiff which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE.**

**REQUEST NO. 12.**    A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

**RESPONSE.**

**REQUEST NO. 13.**    Any and all copies of investigation documentation, reports and/or memoranda

made as a result of the collision of Plaintiff which has been made the basis of Plaintiff's lawsuit.

**RESPONSE.**

**REQUEST NO. 14.**   Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of Defendant that Defendant prepared as a result of the collision made the basis of Plaintiff's lawsuit.

**RESPONSE.**

**REQUEST NO. 15.**   Copies of estimates, invoices, and/or any other written documentation which was prepared as a result of the damage to any vehicles involved in the accident made the basis of Plaintiff's lawsuit, including such materials with respect to the damages to Defendant's vehicle.

**RESPONSE.**

**REQUEST NO. 16.**   Copies of any and all books, documents or other tangible things which may be used at the time of trial, which may have a bearing on Plaintiff's cause of action.

**RESPONSE.**

**REQUEST NO. 17.**   Copies of any and all tangible things whose production has not been requested previously in this or other request which Defendant does not intend to introduce into evidence at trial but may be used as demonstrative evidence at trial.

**RESPONSE.**

**REQUEST NO. 18.**   Copies of all documents regarding the last maintenance or repair work done on Defendant's vehicle for the six months prior to the collision.  Such documents include receipts, work orders, recall notices, etc.

**RESPONSE:**

**REQUEST NO. 19.**   Copies of all documents, receipts or reports regarding the last state vehicle inspection done on Defendant's vehicle prior to the collision.

**RESPONSE:**

**REQUEST NO. 20.**   A copy of any damage appraisal made of the following vehicles with respect to the subject collision:

     a.      Defendant's motor vehicle;

     b.      The motor vehicle occupied by Plaintiff;

     c.      Any other motor vehicle involved in the collision; and

     d.      Any other property that was damaged as a result of the collision.

**RESPONSE:**

**REQUEST NO. 21.**   Any reservation of rights letter or other related correspondence or documents sent to you by any insurers regarding your insurance coverage or any question concerning insurance coverage for the subject collision.

**RESPONSE:**

**REQUEST NO. 22.**   A copy of any contract of employment that would govern a relationship with any other party or bear on the issue of scope of employment of Defendant Robert P. Haithcock

**RESPONSE:**

**REQUEST NO. 23.**   All formal and informal reports and documents prepared by an officer or

employee of any law enforcement agency or other governmental agency which pertain, in any way, to the occurrence in question.

**RESPONSE:**

**REQUEST NO. 25.**   A complete copy of any and all documentation reflecting your hiring and retention policies with respect to your employees that was in effect on the day of the collision.

**RESPONSE.**

**REQUEST NO. 26.**   A complete copy of any and all documentation reflecting your hiring and retention policies with respect to employees whose job duties involve the operation of motor vehicles on public roadways.

**RESPONSE.**

**REQUEST NO. 27.**   The job description with respect to the position held by Defendant Robert P. Haithcock with Defendant Parsons on May 24, 2011.

**RESPONSE.**

**REQUEST NO. 28.**   A complete copy of the personnel file of Defendant Robert P. Haithcock.

**RESPONSE.**

**REQUEST NO. 29.**   A copy of each document, memoranda, reprimand or note in the personnel file for Defendant Robert P. Haithcock which concerns the collision and/or Defendant Robert P. Haithcock's driving record.

**RESPONSE.**

**REQUEST NO. 30.**   Any and all documents within your possession, custody or control reflecting the driving history of Defendant Robert P. Haithcock.

**RESPONSE.**

**REQUEST NO. 31.**  Any and all documents within your possession, custody or control reflecting the criminal record, if any, of Defendant Robert P. Haithcock.

**RESPONSE.**

**REQUEST NO. 32:**  A copy of the employee handbook for employees of Defendant Parsons Trucking Company, Inc., that was in effect on May 24, 2011.

**RESPONSE.**

**REQUEST NO. 33:**  A copy of the current employee handbook for employees of Defendant Parsons Trucking Company, Inc., to the extent, if any, that the current employee handbook differs from the employee handbook sought in the previous Request.

**RESPONSE.**

**REQUEST NO. 34.**  Documents in your possession, custody or control which discuss the policy of Defendant Parsons Trucking Company, Inc.,  with respect to the testing of its  employees for controlled substances following automobile collisions, accidents, work-related accidents and/or work-related injuries.

**RESPONSE.**

**REQUEST NO. 35.**  Any and all documents in your possession, custody or control which discuss, concern or relate to the fact that Defendant Robert P. Haithcock was tested for alcohol or controlled substances with 72 hours after the collision forming the basis of the Plaintiff's lawsuit..

**RESPONSE.**

**REQUEST NO. 36:**  Any and all documents in your possession, custody or control that were generated by Defendant Robert P. Haithcock  reflecting his itinerary or schedule on May 24, 2011.

**RESPONSE.**

**REQUEST NO. 37:**  Any and all documents in your possession, custody or control that were prepared by Defendant Robert P. Haithcock  or on his behalf on or before May 24, 2011 that reflect the itinerary of Defendant Robert P. Haithcock on May 24, 2011.

**RESPONSE.**

**REQUEST NO. 38.**   Any and all documents, including any and all invoices, that were prepared by representatives of Defendant Parsons Trucking Company, Inc.,  on or before May 24, 2011 that reflect the particular calls or deliveries which Defendant Robert P. Haithcock made or intended to make on May 24, 2011 and for the seven day period preceding May 24, 2011.

**RESPONSE.**

**REQUEST NO. 39.**   Any and all records in your possession, custody or control that would reflect the mileage driven by Defendant Robert P. Haithcock on May 24, 2011 and for the seven day period preceding May 24, 2011.

**RESPONSE.**

**REQUEST NO. 40.**   Any and all records in your possession, custody or control that would reflect any incoming and outgoing telephone calls on May 24, 2011 placed to or made from the mobile telephone provided by Defendant Parsons Trucking Company, Inc., to Defendant Robert P. Haithcock.

**RESPONSE.**

**REQUEST NO. 41.**   Any and all records, logs, database summaries, lists or other documents in your possession, custody or control that would reflect any other collisions involving employees of Defendant Parsons Trucking Company, Inc.,  in the last ten (10) years.

**RESPONSE.**

**REQUEST NO. 42.**  Any and all records, logs, databases, lists or other documents in your possession, custody or control that would reflect in chronological order the activities of Defendant Robert P. Haithcock on May 24, 2011 and for the seven day period preceding May 24, 2011.

**RESPONSE.**

**REQUEST NO. 43.**  Any and all data or information which was stored in the Truck/Tractor's Electronic Control System Module or any Qualcom or any other device which recorded any stored data, of whatever kind, as to the operation of the Tractor Defendant HAithcock was operating at the time the wreck in question occurred, and for a one-month period prior thereto. Included in this Request is all information in useable form, including the underlying hexadecimal data, and its interpretation or decipherment by any computer program utilized to convert same into understandable English and/or engineering language.  Included in this request is all information concerning the electronic speed limiting device or "governor" settings at the time of the wreck, the engine speed in percentage of throttle and rpms, the transmission gear in which the tractor was at the time of the wreck, the application, if any, of brakes prior or after impact; the setting for the Jacobs Braking System at the time of impact; and its activation, if any, prior thereto; the speed of the truck and trailer over land.

**RESPONSE:**

**REQUEST NO. 44:**   Any and all data or information which was stored in the Truck/Tractor's Engine Control Module, (requested above), and any and all other information or data which was stored or downloaded from any onboard computer or recording device, including the Qualcomm terminal and the transmitter mounted on your truck and which was received by any other person, party or entity for a period of one month prior to the wreck in question.  Plaintiff requests that such

information be produced in a readable form in the English language to be understood by laymen; in hexadexicimal form of the raw data transmitted and received, the name of the program utilized to convert said data.

**RESPONSE:**

**REQUEST NO. 45:**   The original log books maintained by Haithcock for a period of 30 days prior to and including the entire day of May 24, 2011; If you filed your log books online, produce a complete printout of same.

**RESPONSE:**

<u>**CERTIFICATE OF SERVICE**</u>

Pursuant to Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE, the undersigned certifies the following: (1) that I am an attorney of record for the Plaintiff in the above-entitled cause; (2) that on the date written on return of service of the Original Petition, a true and correct copy of the above and foregoing document was served on the following:

Jerry Parsons, Registered Agent for
Parsons Trucking Company, Inc.,
101 Maple Street
North Wilkersboro, NC 28659

_____
David M. Stagner

# In the 401ˢᵗ District Court
# of Collin County, Texas

| | | |
|---|---|---|
| GEORGIA DURST | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CAUSE NO. 401-02024-2013 |
| | § | |
| ROBERT P. HAITHCOCK and | § | |
| PARSONS TRUCKING COMPANY, Inc. | § | |
| | § | |
| Defendants | § | |

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO
### DEFENDANT ROBERT P. HAITHCOCK

**TO:   Defendant, Robert P. Haithcock, 1000 Pacific Drive, Trailer 21, Winston Salem, North Carolina 27105.**

Pursuant to the Texas Rules of Civil Procedure, you are hereby requested to produce for inspection, copying or photographing the following described tangible material and information. Said production is to be made at the office of David M. Stagner, Attorney at Law, 303 W. Cherry Street, during regular business hours and within fifty (50) days after service of these Requests on you.  The following tangible material requested shall be organized and labeled to correspond with the categories in this Request, and are to be produced as kept in the usual course of business.

Respectfully submitted,

**David M. Stagner, P.C.**

By:_____
        David M. Stagner
        Texas State Bar No. 19005000

303 W. Cherry Street
P.O. Box 1058
Sherman, Texas 75091-1058
Telephone: (903) 892-1048
Facsimile: (903) 893-8342

Law Offices of Johnny Brown, P.C.
Johnny R. Brown, Esq.
Texas Bar No. 03146550
303 W. Cherry
Sherman, Texas 75090
Tel. (903) 870-0022
Fax. (903) 892-0599

**ATTORNEYS FOR PLAINTIFF**
**GEORGIA DURST**

## DEFINITIONS AND INSTRUCTIONS

**A.      DEFINITIONS:**

1.      "You" and "your" means and refers to Robert P. Haithcock (hereafter "Haithcock.,"
or "Defendant"), including any of your respective agents, representatives or employees, acting or
purporting to act on your behalf.

2.      "Writings and recordings" means, but is not limited to, letters, words, or numbers or
their equivalent, set down to handwriting, typewriting, printing, photostating, photocopying, magnetic
impulse, mechanical or electronic recording, or other form of data compilation.  The phrase refers to
both originals and all duplicates thereof, whether in your possession, custody or control, or known
by you to exist.

3.      "Document" or "documents" means the original or a copy thereof, if the original is not
available, of every written, printed, typed, recorded, reported graphic record of material, including
every draft and/or nonidentical copy thereof, of every tape inscription that is in the actual or

constructive possession, custody or control of Haithcock, any insurance company or Defendant Haithcock's attorneys, including, but not limited to, all correspondence, letters, communications, memoranda, notes, agreements, contracts, proposed contracts or agreements, whether or not actually consummated, reports, logs, studies, summaries, agenda, bulletins, notices, announcements, instructions, charts, manuals, graphs, photographs, brochures, publications, books, minutes, including minutes of board of directors meetings and executive meetings, partnership meetings and management, executive partnership committee meetings, computer printouts, schedules, drawings, tape or other voice records, videotapes, simulations, intra-company and inter-company memoranda, articles of newspapers, magazines and other publications, telegrams, purchase orders, lists, proposals, invoices, plans, specifications, addendum, statements, receipts, confirmation slips, evidence of payments, bills, diaries, calendars, bills of lading, canceled checks and any copy of a document bearing notations, markings and/or writings of any kind or nature different from the original.

4.      "Photographs" means, but is not limited to, still photographs, x-ray film, video tapes, and motion pictures.  The term refers to originals and duplicates thereof.

5.      "Person" means any individual, association, partnership, to-be formed corporation, corporation, joint venture, or any other type of entity or institution, whether formed for business purposes or any other purpose.

6.      "Identify" or "identification" means:

> (1)      When used in reference to a natural person, to state his or her full name, present or last known residence address, present or last known business address, and present residence and/or business telephone number.

> (2)      When used in reference to a public or private corporation, to-be formed corporation, governmental entity, partnership, joint venture, association or other entity, means to state the nature or form of the entity, its

full name, present or last known business address or operating address, telephone number, principal line of business, and principals, officers, directors, or other persons authorized to act for it in connection with the matters referred to in the particular discovery requested.

(3)    When used in reference to a writing, recording or photograph, shall include a statement of the following:

(a)    The title, heading or caption, if any, of such writing, recording or photograph;

(b)    The identifying number, letter or combination thereof, if any, and the significance and meaning of such numbers, letters, or combination thereof, if necessary to understand another writing, recording or photograph;

(c)    The date appearing on such writing, recording or photograph; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such writing, recording or photograph was prepared;

(d)    The number of pages and the general nature or description of such writing, recording or photograph (i.e. whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such writing, recording or photograph to be precisely identified;

(e)    The name and capacity of the person who signed such writing, recording or photograph; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(f)    The name and capacity of the person to whom such writing, recording or photograph was addressed, and the name and capacity of such person, other than such addressee, to whom such writing, recording or photograph, or copy thereof, was sent; and

(g)    The physical location of the writing, recording, or photograph and the name of its custodian.

7.    "Concerning, regarding or relating to" means with respect to, to bring into or establish

by association, connection or relation, either direct or indirect.  It includes alluding to, responding to, concerning, connected with, commenting on, regarding, discussing, describing, evidencing or pertaining to.

8.      "Occurrence in question" means and refers to the incidents which made the basis of this lawsuit, as specifically set forth in Plaintiffs' Original Petition.  By way of further identification, "occurrence in question" refers to the collision of the tractor trailer and the motor vehicle occurring on or about May 24, 2011, on Highway 75 in McKinney, Collin County, Texas, involving Defendants Haithcock, Parsons Trucking Company, Inc and Plaintiff .

9.      "Site of the incident" means and refers to the location on Highway 75 in Collin County, Texas where the collision between Defendants Haithcock and Parsons Trucking Company, Inc.  and Plaintiff Georgia Durst occurred.

10.     "Petition" means Plaintiff's last filed pleading which alleges her causes of action and damages against Defendants Haithcock and Parsons Trucking Company, Inc. .

11.     "Statements" means any statements previously made.  A statement previously made is (I) a written statement, signed or otherwise adopted or approved by the person making it, and/or (ii) a stenographic, mechanical, electrical, or other type of recording, or any transaction thereof, which is substantially a verbatim recital of a statement made by the person and contemporaneously recorded.

12.     "Defendant " means and refers to Defendant Haithcock.

13.     "Collision" means and refers to the tractor trailer and the motor vehicle collision referred to in Plaintiffs' Original Petition.

**B.     INSTRUCTIONS:**

1.      To the extent that you assert any objection to any Request for Production on the basis

that the information sought is exempt or immune from discovery under the provisions of either the Texas Rules of Civil Procedure or the Texas Rules of Evidence, then answer so much of the Request for Production which requests information which you do not claim to be exempt or immune. Moreover, with respect to each objection made on the basis that the information sought is exempt or immune from discovery, identify the objectionable information to the extent that such information may be later accurately described or identified for purposes of a Court hearing regarding the objection.

2.      In this document, the singular includes the plural and the plural includes the singular, the past tense includes the present tense and the present tense includes the past tense, and the masculine includes the feminine and the feminine includes the masculine.

3.      In this document, the definition of words or expressions shall be their generally understood meaning.  Some words or expressions have been further identified in Part "A" of this section.  To assist you in preparing your answers, please refer to the definitions provided when answering each of these Requests for Production.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**   All photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE.**

**REQUEST NO. 2:**   All photographs taken of the scene of the collision or the surrounding area of the scene of the collision in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE.**

**REQUEST NO. 3.**   All photographs taken of the Plaintiff which may be in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE.**

**REQUEST NO. 4.**   All pictures, motion pictures, movies, films, or photographic material of any kind taken of the Plaintiff which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE.**

**REQUEST NO. 5.**   All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of Plaintiff's lawsuit taken before, during or after the collision in question which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE.**

**REQUEST NO. 6.**    All written statements made by the Plaintiff in the possession, constructive

possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's

behalf.

**RESPONSE.**

**REQUEST NO. 7.**    All oral statements made by the Plaintiff which were either recorded or taped

on an electronic device or recorder which are in the possession, constructive possession, custody or

control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE.**

**REQUEST NO. 8.**    All written statements made by any witnesses to the collision that are in the

possession, constructive possession, custody or control of the Defendant, Defendant's attorney or

anyone acting on Defendant's behalf.

**RESPONSE.**

**REQUEST NO. 9.**    All oral, taped or recorded statements made by any witnesses to the collision

that is the basis of Plaintiff's lawsuit which are in the possession, constructive possession, custody or

control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE.**

**REQUEST NO. 10.**    A copy of the policy or policies of liability insurance providing coverage to the

Defendant with regard to the collision occurring on or about May 24, 2011 and which forms the basis

of the Plaintiff's lawsuit.

**RESPONSE.**

**REQUEST NO. 11.**    A copy of all medical records, doctor or hospital records, reports or medical

documents, employment records or tax records of any kind containing information about the Plaintiff and/or concerning the medical or physical condition of the Plaintiff or employment or tax filings which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE.**

**REQUEST NO. 12.** A curriculum vitae or resume for any consulting expert whose mental impressions, data, photographs, information or opinions have been reviewed by a testifying expert.

**RESPONSE.**

**REQUEST NO. 13.** Any and all copies of investigation documentation, reports and/or memoranda made as a result of the accident of Plaintiff which has been made the basis of Plaintiff's lawsuit.

**RESPONSE.**

**REQUEST NO. 14.** Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of Defendant's that Defendant prepared as a result of the accident made the basis of Plaintiff's lawsuit.

**RESPONSE.**

**REQUEST NO. 15.** Copies of estimates, invoices, and/or any other written documentation which was prepared as a result of the damage to any vehicles involved in the collision made the basis of Plaintiff's lawsuit, including such materials with respect to the damages to the vehicle operated by Defendant.

**RESPONSE.**

**REQUEST NO. 16.** Copies of any and all books, documents or other tangible things which may be used at the time of trial, which may have a bearing on Plaintiff's cause of action.

**RESPONSE.**

**REQUEST NO. 17.**   Copies of any and all tangible things whose production has not been requested previously in this or other request which Defendant does not intend to introduce into evidence at trial but may be used as demonstrative evidence at trial.

**RESPONSE.**

**REQUEST NO. 18.**   Copies of all documents regarding the last maintenance or repair work done on the vehicle operated by Defendant prior to the collision.  Such documents include receipts, work orders, recall notices, etc.

**RESPONSE:**

**REQUEST NO. 19.**   Copies of all documents, receipts or reports regarding the last state vehicle inspection done on the vehicle driven by Defendant prior to the collision.

**RESPONSE:**

**REQUEST NO. 20.**   A copy of any damage appraisal made of the following vehicles with respect to the subject collision:

      a.     The motor vehicle operated by Defendant;

      b.     The motor vehicle occupied by Plaintiff;

      c.     Any other motor vehicle involved in the collision; and

      d.     Any other property that was damaged as a result of the collision.

**RESPONSE:**

**REQUEST NO. 21.**   All insurance agreements or policies, including excess or umbrella policies, under which any person or entity may be liable to satisfy part or all of a judgment rendered in this action, or to indemnify or reimburse for payments made to satisfy the judgment.  (In lieu of producing

the policy, a cover or "dec" sheet may be produced).

**RESPONSE:**

**REQUEST NO. 22.**   Any reservation of rights letter or other related correspondence or documents sent to you by any insurers regarding your insurance coverage or any question concerning insurance coverage for the subject collision.

**RESPONSE:**

**REQUEST NO. 23.**   A copy of any contract of employment that would govern a relationship with any other party or bear on the issue of scope of employment of the Defendant driver.

**RESPONSE:**

**REQUEST NO. 24.**   All formal and informal reports and documents prepared by an officer or employee of any law enforcement agency or other governmental agency which pertain, in any way, to the collision in question.

**RESPONSE:**

**REQUEST NO. 25.**   Copies of all medical bills and records for medical treatment provided to the Defendant driver as a result of the subject accident.

**RESPONSE:**

**REQUEST NO. 26.**   Copies of any and all traffic citations received by you during the last ten (10) years.

**RESPONSE:**

**REQUEST NO. 27.**   Copies of any and all reprimands received by you by any entity as a result of the collision.  Note that included within the scope of this Request are any all reprimands received by you from any representative, agent, officer or employee of Defendant Parsons Trucking Company,

Inc. as a result of the collision.

**RESPONSE.**

**REQUEST NO. 28.**  Copies of any documents, correspondence, notes, memoranda or other

materials in your possession, custody or control concerning the collision.

**RESPONSE.**

**REQUEST NO. 29.**  A complete copy of all documentation contained within your employee file

maintained by Defendant Parsons Trucking Company, Inc., including all electronically stored

information.

**RESPONSE.**

**REQUEST NO. 30.**  Copies of any and all indictments, informations, complaints, police

reports and citations received by you during the last twenty (20) years with respect to any

misdemeanor or felony criminal charges which you have been charged with.

**RESPONSE.**

**REQUEST NO. 31:**  The bills of lading for each good or product delivered by the Defendant driver

on the seven days preceding May 24, 2011.

**RESPONSE:**

**REQUEST NO. 32:**  All data or other information from the vehicle that was driven by the

Defendant driver retrieved from the Vehicle Event Data Recorder or other data collection device

located on the Defendant driver's tractor or trailer for seven days prior to May 24, 2011.

**RESPONSE.**

**REQUEST NO. 33:**  Please produce the log book for the subject vehicle for a six month period

preceding, but including May 24, 2011.

**REQUEST NO. 34:**  Please produce the detailed billing records for any cellular telephone in your possession on May 24, 2011.

**RESPONSE.**

### CERTIFICATE OF SERVICE

Pursuant to Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE, the undersigned certifies the following: (1) that I am an attorney of record for the Plaintiff in the above-entitled cause; (2) that on the date written on return of service of the Original Petition, a true and correct copy of the above and foregoing document was served on the following:

Robert P. Haithcock
1000 Pacific Drive, Trailer 21
Winston Salem, North Carolina 27105

_____
David M. Stagner

**Plaintiff's First Request for Production to Haithcock/Durst, Georgia**                                    13

Filed
13 June 27 P2:10
Andrea Stroh Thompson
District Clerk
Collin District

## CAUSE NO. 401-02024-2013

| | | |
|---|---|---|
| GEORGIA DURST | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | 401ST JUDICIAL DISTRICT |
| ROBERT P. HAITHCOCK and | § | |
| PARSONS TRUCKING COMPANY, | § | |
| INC. | § | |
| Defendants. | § | COLLIN COUNTY, TEXAS |

### DEFENDANT PARSONS TRUCKING COMPANY, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PARSONS TRUCKING COMPANY, INC. (hereinafter "Defendant"), Defendant in the above-entitled and numbered cause, and makes and files this its Original Answer showing unto the Court as follows:

### I.

### GENERAL DENIAL

Subject to such stipulations and admissions as may be made hereafter, this Defendant hereby enters a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove by a preponderance of the evidence the charges and allegations which she has made against this Defendant and to do so before a jury composed of twelve (12) citizens of this County as is required by the laws and Constitution of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that judgment be rendered, that Plaintiff take nothing by this suit and that Defendant be permitted to go hence without delay and recover its costs in this behalf expended, and for such other and further relief, general and specific, legal and equitable, to which Defendant may be justly entitled.

Respectfully submitted,

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
**MICHAEL JUSTUS**
State Bar No. 24002384
**D. RANDALL MONTGOMERY**
 **& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas  75251
(214) 292-2600
(469) 568-9323 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**PARSONS TRUCKING COMPANY, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon all attorneys of record in accordance with the Texas Rules of Civil Procedure on this the 27 day of June, 2013.

**CMRRR 71791000164918548544**
David M. Stagner
David M. Stagner, P.C.
303 W. Cherry Street
Sherman, Texas 75091-1058

Johnny R. Brown
Law Offices of Johnny Brown, P.C.
303 W. Cherry Street
Sherman, Texas 75091-1058

**D. RANDALL MONTGOMERY**

Filed
13 June 27 P2:13
Andrea Stroh Thompson
District Clerk
Collin District

CAUSE NO.  401-02024-2013

| | | |
|---|---|---|
| GEORGIA DURST | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | 401ST JUDICIAL DISTRICT |
| ROBERT P. HAITHCOCK and | § | |
| PARSONS TRUCKING COMPANY, | § | |
| INC. | § | |
|     Defendants. | § | COLLIN COUNTY, TEXAS |

## DEFENDANT'S JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PARSONS TRUCKING COMPANY, INC. (hereinafter "Defendant"), and demands a jury trial of all issues of fact in this lawsuit.

The filing of this Jury Demand, however, is not a request that the matter be set for trial at this time or that the matter be placed on the Court's docket at this time.

Respectfully submitted,

D. RANDALL MONTGOMERY
State Bar No. 14289700
MICHAEL JUSTUS
State Bar No. 24002384
D. RANDALL MONTGOMERY
  & ASSOCIATES, P.L.L.C.
12400 Coit Road, Suite 560
Dallas, Texas  75251
(214) 292-2600
(469) 568-9323 (Facsimile)

ATTORNEYS FOR DEFENDANT
PARSONS TRUCKING COMPANY, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon all attorneys of record in accordance with the Texas Rules of Civil Procedure on this the 27 day of June, 2013.

**CMRRR 71791000164918548544**
David M. Stagner
David M. Stagner, P.C.
303 W. Cherry Street
Sherman, Texas 75091-1058

Johnny R. Brown
Law Offices of Johnny Brown, P.C.
303 W. Cherry Street
Sherman, Texas 75091-1058

**D. RANDALL MONTGOMERY**

CAUSE NO.  401-02024-2013

| | | |
|---|---|---|
| GEORGIA DURST<br>     Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§ | 401ST JUDICIAL DISTRICT |
| ROBERT P. HAITHCOCK and<br>PARSONS TRUCKING COMPANY,<br>INC.<br>     Defendants. | §<br>§<br>§<br>§ | COLLIN COUNTY, TEXAS |

## NOTICE OF FILING OF NOTICE OF REMOVAL

Please take notice that on June 28, 2013, Defendant Parsons Trucking Company, Inc.

filed a Notice of Removal of the above-captioned action with the United States District Court for

the Eastern District of Texas, Plano Division, a copy of which is attached hereto.

Respectfully submitted,

_____

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
**D. RANDALL MONTGOMERY**
**& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**PARSONS TRUCKING COMPANY, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon all attorneys of record in accordance with the Texas Rules of Civil Procedure on this the 2̲8̲ day of June, 2013.

**CMRRR 71791000164918551452**
David M. Stagner
David M. Stagner, P.C.
303 W. Cherry Street
Sherman, Texas 75091-1058

Johnny R. Brown
Law Offices of Johnny Brown, P.C.
303 W. Cherry Street
Sherman, Texas 75091-1058

D. RANDALL MONTGOMERY

401st Judicial District Court

# DOCKET SHEET
## CASE NO. 401-02024-2013

| | | |
|---|---|---|
| Georgia Durst Vs. Robert P Haithcock and Parsons Trucking Company Inc | § § § § | Location: **401st District Court** <br> Judicial Officer: **Rusch, Mark** <br> Filed on: **05/22/2013** |

---

### CASE INFORMATION

Case Type: **Motor Vehicle**

Case Flags: **Jury Fee Paid**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment** <br> Case Number     401-02024-2013 <br> Court     401st District Court <br> Date Assigned     05/22/2013 <br> Judicial Officer     Rusch, Mark |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Durst, Georgia** | **Stagner, David M** <br> *Retained* <br> 903-892-1048(W) |
| **Defendant** | **Haithcock, Robert P** | **Pro Se** |
| | **Parsons Trucking Company Inc** | **Montgomery, D. Randall** <br> *Retained* <br> 214-292-2600(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | | INDEX |
|---|---|---|---|
| 05/22/2013 | Plaintiff's Original Petition (OCA) $258.00 <br> *Plaintiff's original petition and request for disclosure* <br> Party: Plaintiff Durst, Georgia | | |
| 05/22/2013 | Request for Citation $8.00 <br> *x2 waiting* <br> Party: Plaintiff Durst, Georgia | | |
| 05/22/2013 | **Citation** <br> Haithcock, Robert P | issued | |
| 05/22/2013 | **Citation** <br> Parsons Trucking Company Inc | issued | |
| 06/27/2013 | Original Answer <br> *Defendant Parsons Trucking Company Inc.'s Original Answer* <br> Party: Defendant Parsons Trucking Company Inc | | |
| 06/27/2013 | Jury Fee Paid $30.00 <br> *Defendant's Jury Demand* <br> Party: Defendant Parsons Trucking Company Inc | | |

*Printed on 06/28/2013 at 2:06 PM*

401ST JUDICIAL DISTRICT COURT

# DOCKET SHEET
## CASE NO. 401-02024-2013

06/28/2013              📄 Notice
                        *of Filing of Notice of Removal*
                        Party:  Attorney  Montgomery, D. Randall;  Defendant  Parsons Trucking Company
                        Inc

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | **Defendant** Parsons Trucking Company Inc | |
| | Total Charges | 45.00 |
| | Total Payments and Credits | 45.00 |
| | **Balance Due as of  6/28/2013** | **0.00** |
| | | |
| | **Plaintiff** Durst, Georgia | |
| | Total Charges | 274.00 |
| | Total Payments and Credits | 274.00 |
| | **Balance Due as of  6/28/2013** | **0.00** |

*Printed on 06/28/2013 at 2:06 PM*